granted the order, was satisfied with the proof of- <span>Spring 1812.<br>I. District.</span>fered; and there is nothing in what is presented to us, to induce us to believe that the intention to de- <span>Hudson's<br>Case.</span>part does not exist.

RELEASE DENIED.

---

BLOIS vs. DENESSE.

*By the Court.* If a debtor has time given him by his creditors, and afterwards denies the debt of one of them, he may bring a suit for a recognition of the debt, notwithstanding that the convention between the creditors and the debtor, allowing him a delay, has been homologated; for during the time given, the evidence of the debt may perish.

<span>Creditor, whose debt is denied, may sue, notwithstanding the delay granted.</span>

*Caune*, for the plaintiff.
*Seghers*, for the defendant.

---

DELOGNY vs. RENTOULA

*Ellery*, opposed the introduction of testimony to prove admissions made, while a compromise was in contemplation.

*Livingston*, contra. Proposals made while a compromise is on the carpet, do not bind; but conversations, in which a fact is disclosed, may be admitted to prove it.

<span>Conversation of a party, while a compromise is in view, admitted to prove a fact.</span>

SPRING 1812.    OF this opinion was *the Court.*
I. District.

## CHABAUD vs. GODWIN.

Appellee
must confine
himself   to
the  general
answer,  un-
less he have
leave.

*By the Court.* The appellee, in answering the petition for the appeal, cannot insert any new matter, much less annex any document, and entitle himself to read it, without leave of the Court—but must confine himself to the general answer, to wit, that there is no error, &c.

*Hennen*, for the plaintiff.

*Depeyster*, for defendant.

## RALPH & CO. vs. F. L. CLAIBORNE.

No appeal
from an in-
terlocutory
judgment.

THE defendant prayed for a mandamus to the parish court.

HE is a citizen of the Mississippi territory, and being sued by a citizen of one of the United States, he filed his petition under the act of Congress, 1 *U. S. laws*, 56, for the removal of the cause for trial into the district court of the United States. The parish court rejected his application, whereupon he prayed an appeal, which was refused. His application was for the writ of this Court commanding the parish court to admit the appeal —on the ground that he could not proceed before the parish court, without waving, by his plea, the